Territorial Law Library

FILED
SUPERIOR COURT

2013 DEC 27 PM 3: 30

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

        vs.

KICKI REWIL,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM0954-12

**DECISION AND ORDER
ON MOTION FOR CIVIL
COMPROMISE**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on October 1, 2013 on Defendant's Motion to Dismiss. The People were represented by Assistant Attorney General James Collins. Defendant Kicki Rewil was represented by Attorney Suresh Sampath. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendant Rewil has been charged with Harassment as a Petty Misdemeanor. On August 6, 2013, he filed a Motion for Civil Compromise. He provides a statement by the alleged victim in this case which states she wishes for herself and Defendant to get on with their lives, that she does not wish to testify against him, that she will not claim "monetary value" from Defendant, and that she wishes for the charges to be dismissed.

On August 21, 2013, the People filed their opposition to the motion. They contend that the alleged victim's statement fails to comply with the requirements for a Motion for Civil Compromise as required under Title 8 of the Guam Code.

On October 1, 2013, Defendant filed his Reply. He acknowledged that Defendant's statement did not contain the technical language required in Title 8,

and provided a Declaration from the alleged victim which would comport with the statute. For the reasons set forth below, Defendant's motion shall be granted.

## DISCUSSION

Title 8 of the Guam Code provides for civil compromise as follows:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

8 G.C.A. § 80.90. The People argue that there is no civil remedy equivalent for harassment, that the victim's declaration does not acknowledge satisfaction, and that a civil compromise here is contrary to public policy and legislative intent.

In his Reply, Defendant acknowledged this and sought to cure the problem by filing a Declaration of the alleged victim. *See* Raymond Declaration. In contrast to the initial statement provided, the language of this Declaration fully complies with the statutory requirements of civil compromise under § 80.90. Further, Defendant argues, and this Court agrees, legislative intent is met here and the corresponding civil cause of action for harassment is intentional infliction of emotional distress. For these reasons, the Defendant's motion shall be granted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Civil Compromise is hereby **GRANTED**. Defendant is still liable for costs as set forth under 8 G.C.A. § 80.90. Defendant shall prepare a judgment consistent with this Decision and Order.

//

//

//

Decision and Order
Case No. CM0954-12

It is **SO ORDERED** this 27th day of December, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

DEC 2 7 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

